**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID MANGO,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>CITY OF MAYWOOD, a municipal corporation,<br><br>        Defendant,<br><br>  And<br><br>LILIAN MYERS,<br><br>        Defendant - Appellant. | No. 12-57019<br><br>D.C. No. 2:11-cv-05641-GW-FFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted July 9, 2014
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

———————————

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Defendant-Appellant Lilian Myers appeals from the district court's denial of qualified immunity in David Mango's 42 U.S.C. § 1983 action alleging First Amendment retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A government official is entitled to qualified immunity "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Wood v. Moss*, 134 S. Ct. 2056, 2059 (2014) (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011)).

Myers contends that she is entitled to qualified immunity because Mango's constitutional right was not clearly established. A right is clearly established if "the state of the law at the time [of the adverse action] g[ave] officials fair warning that their conduct [was] unconstitutional." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1064 (9th Cir. 2013) (quoting *Bull v. City & Cnty. of S.F.*, 595 F.3d 964, 1003 (9th Cir. 2010) (en banc)). This is an objective standard and the defendant's subjective understanding of the constitutionality of her conduct is irrelevant. *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1073 (9th Cir. 2012).

To demonstrate that the right was not clearly established, Myers first contends that she had no fair warning that releasing Mango was unconstitutional

2

because there is no existing case with similar facts.  But, "closely analogous preexisting case law is not required" for fair notice because "officials can still be on notice that their conduct violates established law even in novel factual circumstances."  *Id.*; *see also Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) ("[I]n an obvious case, [general] standards can 'clearly establish' the answer, even without a body of relevant case law.").  "It is well settled that a State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression."  *Garcetti v. Ceballos*, 547 U.S. 410, 413 (2006) (internal quotation marks omitted).  So, under Mango's version of the facts, which we must take as true, *Eng v. Cooley*, 552 F.3d 1062, 1064 (9th Cir. 2009), Myers should have known her actions were unconstitutional.

To the degree that Myers contends that Mango was not a Maywood employee, that is a dispute of material fact that will have to be resolved at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  Myers may very well prove and prevail on her version of the facts, but she cannot now demonstrate that she is entitled to qualified immunity.

**AFFIRMED.**

3